UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Diana Lombardi,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>YSA ARM LLC d/b/a Oxygen XL,<br><br>Defendants. | Case No.: 7:22-cv-9294<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Diana Lombardi ("Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendant YSA ARM LLC d/b/a Oxygen XL ("Oxygen" or "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the parties reside.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Orange.

8. Defendant Oxygen is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service at its principal place of business located at 1 Hillcrest Center Drive, Suite 314, Spring Valley, New York 10977.

9. Upon information and belief, Defendant Oxygen is a company that uses the mail, telephone and internet, and regularly engages in business the principal purpose of which is to collect debts, and regularly collects debts owed to others.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom the Defendant Oxygen sent an initial collection letter;

    c. attempting to collect a consumer debt that the individual(s) did not owe; and

    d. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e 1692f, and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

  e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to July 25, 2022, Plaintiff allegedly incurred one or more obligations to non-party J&D Estates LLC ("J&D").

21. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal housing.

22. The alleged J&D obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. J&D is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Upon information and belief, J&D contracted with the Defendant Oxygen to collect the alleged debt.

25. Defendant Oxygen collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – July 25, 2022 Collection Letter*

26. Defendant sent the Plaintiff an initial collection letter on or about July 25, 2022 ("Letter") regarding the alleged debt. **See Letter Attached as Exhibit A**.

27. The Letter sets forth that the purpose of the communication is to collect a debt.

28. The Letter sets forth that the total amount of the Plaintiff's alleged debt is $1,172.87.

29. However, Plaintiff does not have an account with J&D in default and the Letter appears fraudulent on its face.

30. Moreover, J&D entered into an agreement with the Plaintiff after she moved out of the premises that forms the basis of the alleged debt on or about August 4, 2020, wherein as compensation for retaining $500.00 of the Plaintiff's security deposit, J&D agreed to waive any further charges applied to the Plaintiff's account and to clear the Plaintiff's balance ("Agreement"), **a copy of which is attached as Exhibit B**.

31. Plaintiff was fearful to call and be pressured by the Defendant, who appeared to be a fraudulent actor.

32. Accordingly, since the Letter also caused her shock, anxiousness and increased heartrate, Plaintiff, in reliance on the Letter, spent time and money in an effort to mitigate the risk of further harm caused by the Defendant.

33. She spent this trying to determine if this debt was hers, which is was not.

34. She spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

35. She spent this trying to mitigate harm in the form of dominion and control over her funds.

36. Thus, as a direct result of the Plaintiff's reliance on the Letter, Plaintiff suffered a financial detriment.

37. Moreover, as a direct result of the Plaintiff's reliance on the Letter, Plaintiff suffered emotionally.

38. Additionally, as a direct result of the Defendant's improper debt collection and negative credit informational furnishment to third parties concerning same, Plaintiff suffered reputational harm.

39. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

40. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

41. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, intimidation, conversion and defamation.

42. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

43. Intimidation includes "unlawful coercion" and "putting [another] in fear." Black's Law Dictionary 1990.

44. The fear of the victim need not be so great as to result in terror, panic, or hysteria. Id.

45. Recovery may be had under the common law for negligent infliction of emotional distress without a showing of physically manifested harm.

46. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

47. These violations by the Defendant were unconscionable, knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

48. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

49. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

50. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

51. As described above, Plaintiff was misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

52. Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

53. Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the character, legal status and amount of the debt.

54. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

55. Plaintiff repeats the above allegations as if set forth here.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendant violated said section, inter alia, by:

    a. Falsely representing the character, amount, or legal status of the debt in violation of § 1692e (2);

    b. Using false representations and means in connection with the collection of a fraudulent/nonexistent debt in violation of §1692e (10);

59. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

60. Plaintiff repeats the above allegations as if set forth here.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

62. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

63. Defendant violated this section by unconscionably citing to a nonexistent debt in order to unfairly collect upon a debt that was fraudulent on its face, without regard to authenticity.

64. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must state the amount of the debt.

68. Defendant violated this section by, in addition to providing an incorrect debt amount, overshadowing, confusing, misrepresenting, and/or or clouding the amount stated, in violation of § 1692g (a)(1).

69. Defendant, in turn, went on collecting the debt without properly validating same.

70. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Diana Lombardi, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 30, 2022                              Respectfully submitted,

                                                        **Stein Saks, PLLC**
/s/ Robert Yusko
By: Robert Yusko, Esq.
One University Plaza, Ste. 620
Hackensack, New Jersey 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ysaks@SteinSaksLegal.com.
*Attorneys for Plaintiff*